

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| KALMAN GRIGG, GLENDA GRIGG, and JACOB GRIGG,<br>　　　　　　　　Plaintiffs,<br>vs.<br><br>CLOVER POLICE DEPARTMENT, TOWN OF CLOVER, OFFICER MICHAEL NIVINS, OFFICER ALEX MELTON, OFFICER MCNEALY, and OFFICER TALFORD,<br>　　　　　　　　Defendants. | §<br>§<br>§<br>§　CIVIL ACTION 0:21-4076-MGL-SVH<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO PLAINTIFFS' FEDERAL LAW CLAIMS,
DENYING PLAINTIFFS' REQUESTS TO AMEND,
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFFS' STATE LAW CLAIMS**

Plaintiffs Kalman Grigg (Kalman), Glenda Grigg (Glenda), and Jacob Grigg (Jacob) (collectively, Plaintiffs), filed this lawsuit against Defendants Clover Police Department, Town of Clover, Officer Michael Nivens (Nivens), Officer Alex Melton (Melton), and Officer Salford (Salford) (collectively, Defendants) in the York County Court of Common Pleas.

Plaintiffs also named Office McNealy (McNealy) in their lawsuit. But, it appears they have failed to serve him.

In Plaintiffs' second amended complaint, they allege officers with the Clover Police Department have been harassing them for many years. They assert claims pursuant to 42 U.S.C.

§ 1983 for violations of their constitutional rights, along with state law claims for gross negligence, willfulness, and wantonness.

Defendants subsequently removed the case to this Court.  The Court has federal question jurisdiction over Plaintiffs' constitutional claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over their state law claims under 28 U.S.C. 1367.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment as to Plaintiffs' federal law claims be granted, McNealy be dismissed from this action for Plaintiffs' failure to effect service of process pursuant to Fed. R. Civ. P. 4(m), and the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 27, 2023, Plaintiffs filed their objections on March 9, 2023, and Defendants filed their reply on March 23, 2023.  The Court has carefully reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

The Court has teased out six objections from Plaintiffs' ten-page submission that it will address here.

First, Plaintiffs object to the Magistrate Judge "ignor[ing] the fact. . . Defendants have received citizen complaints for years from . . . Plaintiffs and are not requesting specific relief, but any action on the part of . . . Defendants and the failure to act is demonstrative of notice and deliberate indifference by . . . Defendant Clover Police Department and Town of Clover." Objections at 2.

Plaintiffs first specifically mentioned these complaints in their January 10, 2023, response in opposition to Defendants' motion for summary judgment, almost thirteen months after they filed their lawsuit. The Magistrate Judge concluded that, "[b]ecause these allegations were not part of Plaintiffs' complaint, [she would] decline[ ] to address them except to say that they have not been properly raised and cannot serve as a basis to survive summary judgment." Report at 30.

A plaintiff "may not raise a [new] claim in her opposition to [the defendant's] summary judgment motion. . . . The proper procedure for [the plaintiff] to assert a new . . . claim [is] to seek to amend her complaint." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

The deadline to file a motion to join other parties and amend the pleadings in this case was over a year ago, on March 21, 2022. When determining whether to grant a motion to amend "after the deadlines provided by a scheduling order have passed, the good cause standard [of Federal Rule of Civil Procedure 16] must be satisfied[.]" *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). If the Rule 16 good cause standard is met, the Court then proceeds to consider whether the motion to amend should be granted under Rule 15.

Here, even if Plaintiffs had moved to amend their complaint, they have failed to make a persuasive showing of good cause. Assuming, however, the Court decided they had shown good cause, summary judgment would still be appropriate inasmuch as there is no constitutional right to have one's citizen complaint addressed. *See Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir.

2002) (The plaintiff "does not cite . . . any federal or state court decision, statute, regulation or other source of law that gives [the plaintiff] an entitlement to an internal investigation by the [defendant] of her complaints of police brutality. Thus, the district court properly granted summary judgment to [the defendant]."). Consequently, for all these reasons, the Court will overrule this objection.

In Plaintiffs' objections, they make additional requests to amend their complaint as to other matters. But again, they have failed to establish good cause. Thus, the Court will deny those requests.

Second, Plaintiffs object to the Magistrate Judge's purportedly overlooking "the ongoing pattern of incidents of harassment, threats, antagonism, and embarrassment by the Clover Police Officers towards the Plaintiffs[.]" Objections at 2.

There are at least two problems with this objection. First, it is non-specific. And second, the Court has made a de novo review of the record and fails to find sufficient factual allegations establishing that Defendants violated Plaintiffs' constitutional rights, neither during any individual encounter nor when all the encounters are considered in the aggregate. Therefore, the Court will overrule this objection, too.

Third, Plaintiffs object to the Magistrate Judge's allegedly "overlook[ing] significant facts alleged such as the intimidation involved in the April 19, 2021, traffic stop of . . . Glenda . . . for allegedly texting and driving, when she had her phone in her hand, that involved no less than three Clover police cars with blue lights, at least four officers, for a minor traffic violation." Objections at 4. According to Plaintiffs, "[t]he incident was intentionally public and animated with three sets of blue lights in an attempt to be more embarrassing than necessary." *Id*.

As per the Report, "[o]n April 19, 2021, Melton initiated a traffic stop against Glenda for texting and driving. Melton initially saw Glenda holding her phone up over the steering wheel as she was going through an intersection." Report at 5 (citation omitted). "Then, during the traffic stop

4

Melton saw that there was a crack in Glenda's windshield." *Id.* at 6. "Kalman testified she was holding her phone up to show a video to Kalman, who was in the passenger seat." *Id*. at 6 n.3 (citation omitted). "Melton wrote citations for both unlawful use of a cellular device and for having an obstructed view." *Id*. at 6. "Jacob and his brother Bo showed up at the scene of the traffic stop, and other officers came to the scene, as well." *Id*. (citation omitted).

Plaintiffs claim intimidation and embarrassment. Both these feelings, however, are almost always present in some measure for the one(s) being pulled over during a traffic stops. But, just because one is intimidated and/or embarrassed in such as situation fails to establish that one's constitutional rights have been violated.

As to Plaintiffs' complaint regarding the number of officers at the stop, it is reasonable that more officers would be present when multiple folks showed up at the traffic stop.

Because Plaintiffs have failed to provide sufficient factual allegations demonstrating any constitutional violation occurred during this stop, the Court will overrule this objection, as well.

In Plaintiffs' fourth objection, which is repetitive of objections one and two, they contend the Magistrate Judge erred in finding "no material facts of a violation of the Plaintiffs['] rights." Objections at 5. As per Plaintiffs, "the individual incidents may not create a cause of action on their own, however, the series of incidents and the totality of the circumstances together with the failure of the . . . Clover Police and the . . . Town to act upon, the citizen complaints is clear evidence of the intentional and reckless conduct that a jury would find shocks the conscious." *Id*.

The Court is unpersuaded that "the series of incidents and the totality of the circumstances[,]" *id*., is enough to establish any of Plaintiffs' constitutional rights were violated. And, as the Court explained below, it will disallow Plaintiffs from amending their complaint at this stage to include their arguments regarding their citizen complaints. Hence, the Court will also overrule this objection.

5

Plaintiffs' fifth objection is that the Magistrate Judge was mistaken in failing to conclude "[Defendants'] traffic stops and harassing surveillance were unreasonable." Objections at 6.

The Court disagrees with Plaintiffs. As the Court stated above, it has made a de novo review of the record. In doing so, it has failed to find sufficient factual allegations establishing Defendants violated any of Plaintiffs' constitutional rights. As such, the Court will overrule this objection, too.

Plaintiffs' sixth objection is that the Magistrate Judge was mistaken in suggesting that Melton, Nivens, and Salford are entitled to qualified immunity. Objections at 8.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (internal quotation marks omitted). As the Court has explained above, Plaintiffs have failed to establish that Defendants violated any of their constitutional rights. But, even if the Court were to conclude they have plead facts establishing Defendants violated their constitutional rights, they have neglected to demonstrate that the rights they claim were "clearly established at the time of the challenged conduct," *id.* Accordingly, the Court will overrule this objection, too.

The rest of Plaintiffs' objections are either non-specific or so lacking in merit as not to require any discussion. Nevertheless, as already stated, the Court has made a de novo review of the entire record, but finds no error by the Magistrate Judge. It will therefore overrule the rest of the objections, too.

Plaintiffs have attempted to make a federal case out of the purported sophomoric actions of the Clover police officers and Defendants' supposed failure to abide by their own policies. The alleged conduct described by Plaintiffs is regrettable; but it is not unconstitutional. If proven, however, it might well give rise to state law liability.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiffs' objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' motion for summary judgment as to Plaintiffs' federal law claims is **GRANTED**, McNealy is **DISMISSED WITHOUT PREJUDICE** from this action for Plaintiffs' failure to effect service of process pursuant to Fed. R. Civ. P. 4(m), Plaintiffs' requests to amend their complaint is **DENIED**, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Consequently, Plaintiffs' state claims are **REMANDED** to the York County Court of Common Pleas for adjudication there.

**IT IS SO ORDERED**.

Signed this 15th day of June, 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE